UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAMES REESE,<br><br>               Plaintiff,<br><br>vs.<br><br>WASHOE INVESTMENTS LLC; WYNDHAM HOTELS AND RESORTS INC.; DAYS INN OF RAPID CITY; and DOES 1–10,<br><br>               Defendants. | 5:26-CV-05017-RAL<br><br><br>ORDER REQUIRING PLAINTIFF TO FILE PTAR OR PAY FULL FILING FEE |

Plaintiff James Reese,[1] an inmate at the Hughes County Detention Center, filed a pro se civil rights lawsuit. Doc. 1. Reese filed a motion for leave to proceed in forma pauperis and completed an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Doc. 3.

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment

---

[1] The case caption lists "James Reese & Leisa Reese" as plaintiffs. Doc. 1 at 1. But James Reese is the only one to sign the complaint. Id. at 5. "Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court." Monroe v. Yankton Sioux Hous. Auth., No. 4:25-CV-04113-ECS, 2025 WL 1795824, at *2 (D.S.D. June 30, 2025) (quoting Clay v. Purkett, No. 06-CV-1859, 2007 WL 107758, at *1 (E.D. Mo. Jan. 9, 2007)).

plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). In order to determine the initial fee, a prisoner seeking leave to proceed in forma pauperis "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Therefore, Reese must submit a completed prisoner trust account report or, in the alternative, pay the full $405 civil complaint filing fee by **March 21, 2026**.

Accordingly, it is

ORDERED that the Clerk of Court send Reese a prisoner trust account report. It is further

ORDERED that Reese must return the completed prisoner trust account report or pay the full $405 civil complaint filing fee by **March 21, 2026**. If Reese fails to comply with this order, his complaint will be dismissed without prejudice for failure to prosecute.

DATED February 19, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

2