UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAMES REESE and LEISA REESE<br><br>Plaintiff,<br><br>vs.<br><br>WASHOE INVESTMENTS LLC; WYNDHAM HOTELS AND RESORTS INC.; DAYS INN OF RAPID CITY; and DOES 1–10,<br><br>Defendants. | 5:26-CV-05017-RAL<br><br>ORDER REQUIRING PLAINTIFF TO FILE PTAR OR PAY FULL FILING FEE |

Plaintiffs James Reese, an inmate at the Hughes County Detention Center, and Leisa Reese, an inmate at the Platte County Detention Center, filed a pro se civil rights lawsuit. Docs. 1, 5. Initially, the complaint was signed only by James Reese ("James"), see Doc. 1 at 4, and this Court informed James that Federal Rule of Civil Procedure 11(a) requires each pro se party in a case to sign the complaint in order to properly bring an action before the Court. Doc. 4; see also Fed. R. Civ. P. 11(a). Leisa Reese ("Leisa") subsequently filed a copy of the original complaint that included her signature. Doc. 5. Leisa also filed a motion to proceed in forma pauperis and completed an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Doc. 6.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This Court has previously held that the PLRA allows joint prisoner litigation but requires each prisoner to pay the full $350 filing fee. Dale v. Kaemingk, No. 4:15-CV-04103-RAL, 2015 WL 6823536, at *1–2 (D.S.D. Nov. 5, 2015). Thus, Leisa and James Reese must both

pay the full $350 filing fee in accordance with the PLRA. The Court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). In order to determine the initial fee, a prisoner seeking leave to proceed in forma pauperis "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Therefore, Leisa must submit a completed prisoner trust account report by **April 2, 2026.**

If Leisa and James Reese wish to proceed in forma pauperis under 28 U.S.C. § 1915, they must each submit a prisoner trust account report and will each owe a $350 filing fee to be collected as described above. As this Court previously informed James, an alternative to submitting a completed prisoner trust account report is to pay the full $405[1] civil complaint filing fee, Doc. 4 at 2, and the Court presents this same alternative to Leisa. If Leisa and James do not wish to

---

[1] The full civil complaint filing fee is $405. See Fee Schedule, United States District Court for the District of South Dakota, https://www.sdd.uscourts.gov/2017fees (last visited Mar. 3, 2026). This $405 includes the full filing fee of $350 plus a $55 administrative fee for filing a civil action. But this administrative filing fee does not apply to persons granted in forma pauperis status under 28 U.S.C. § 1915, and a prisoner proceeding in forma pauperis must only pay $350.

proceed in forma pauperis, they may pay the full civil complaint filing fee of $405 by **April 2, 2026**. If both parties choose not to proceed in forma pauperis and to pay the full civil complaint filing fee, Leisa and James Reese shall collectively pay only one $405 filing fee to proceed with their case. See <u>Stenseth v. Althoff</u>, No. 4:24-CV-04197-CCT, Doc. 6 (D.S.D. Oct. 30, 2024).

Accordingly, it is

ORDERED that the Clerk of Court send Leisa Reese a prisoner trust account report. It is further

ORDERED that if Leisa Reese wishes to proceed in forma pauperis, she must return the completed prisoner trust account report by **April 2, 2026**. It is further

ORDERED that if Leisa and James Reese choose to pay the full $405 civil complaint filing fee instead of proceeding in forma pauperis, they shall collectively pay one $405 civil complaint filing fee by **April 2, 2026**. It is finally

ORDERED that failure to comply with this order will result in dismissal of this case without prejudice for failure to prosecute.

DATED March 3rd, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE